IN THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

MICHAEL GARRETT,
DAVID RICHARDSON,
MARK BLUE,
ROGER REID, and
ABEWOLE OJO,
                Plaintiffs,


v.                                                     CIVIL ACTION NO. 3:19-CV-185
                                                       (GROH)


WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATIONS,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
JOHN DOE, CORRECTIONAL OFFICER,
                Defendants.

## REPORT AND RECOMMENDATION

## I.        INTRODUCTION

Plaintiff Michael Garrett ("Garrett") is an inmate at West Virginia's Eastern

Regional Jail ("ERJ") in Martinsburg, West Virginia, following his arrest in Jefferson

County, West Virginia case number 19-F-45, 19-F-68 and a fugitive case 19-P-284. https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender/Search. Plaintiff David Richardson ("Richardson") was previously incarcerated at the ERJ. However, according to the West Virginia Division of Corrections ("DOC") offender search webpage, there are two David Richardsons in the custody of the DOC. David Wayne Richardson, inmate number 3573490, is incarcerated at location "502". David R. Richardson, inmate number 3528468, is incarcerated at location "305". https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search. Plaintiffs Mark Blue ("Blue") and Roger Reid ("Reid") were both previously incarcerated at the ERJ. According to the DOC offender search website, both Blue and Reid are now incarcerated at Huttonsville Correctional Center. Plaintiff Abewole Ojo ("Ojo") [1] is alleged to have previously been incarcerated at the ERJ, but now is an inmate at the "Frederick County Detention"[2]. It is during the period when Plaintiffs were confined at the Eastern Regional Jail that the alleged events occurred which prompted the filing of this action pursuant to 42 U.S.C. § 1983. Garrett's claims are based on an incident which allegedly occurred on or about June 7, 2018. ECF No. 1 at 3. Richardson's claims are based on an incident he claims occurred on or about October 8, 2018. Id. at 6. Blue's claims are based on an alleged incident which occurred on or about December 3, 2018. Id. at 9. Reid's claims are based on an incident which he contends occurred

---

[1] The Court notes that Ojo's first name is spelled differently in the caption and body of the complaint. In the caption, Ojo's first name is spelled "Abewole", the spelling used here. In paragraph 10 of the complaint, Ojo's first name is spelled "Adebowale". ECF No. 1 at 1, 2.

[2] The complaint does not specify whether Ojo is an inmate in Frederick County, Maryland, or Frederick County, Virginia, however, the Court has verified that as of the filing of this Report and Recommendation, Ojo was inmate number 040236 at the Frederick County Detention Center in Frederick County, Maryland.

on or about November 12, 2017. Id. at 11. Ojo's claims are based on an incident which he contends occurred on or about September of 2018. Id. at 14.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice as to the West Virginia Division of Corrections and Rehabilitation, and without prejudice as to all other Defendants.

## II.      FACTUAL AND PROCEDURAL HISTORY

On October 31, 2019, Plaintiffs, by counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights. ECF No. 1. Plaintiffs' complaint specifically claimed violations of their Eighth Amendment rights against cruel and unusual punishment, and their Fifth Amendment due process rights. Id. at 15 – 17. Additionally, the complaint asserted: (1) that DOC negligently trained its employees; (2) assault and battery claims against defendant correctional officers; and (3) intentional infliction of emotional distress claims against all defendants Id. at 18, 19. On the same date, the Plaintiffs filed a motion for leave to proceed without prepayment of fees was filed. ECF No. 2. Also on October 31, 2019, Ojo moved to join his complaint filed under case number 1:19-CV-187, with the instant complaint. ECF No. 3.

## III.      LEGAL STANDARD

### § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their

authority to deprive individuals of their federally guaranteed
rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257

(1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated

what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations
> are required in order to state a cause of action under that
> statute. First, the plaintiff must allege that some person has
> deprived him of a federal right. Second, he must allege that
> the person who has deprived him of that right acted under
> color of state or territorial law.

Gomez, 446 U.S. at 640.

## IV.  ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiffs

fail to present a claim upon which relief can be granted.  Actions authorized under §

1983 are intended to "deter state actors from using the badge of their authority to

deprive individuals of their federally guaranteed rights."  Wyatt v. Cole, 504 U.S. at 161.

Critically, complaints in § 1983 actions must allege that some person has deprived him

of a federal right.  Gomez, 446 U.S. at 640.

The sole identifiably named Defendant in the Plaintiffs' § 1983 complaint is the

West Virginia Division of Corrections and Rehabilitation.  The Supreme Court has long

recognized that "neither a State nor its officials acting in their official capacities are

'persons' under § 1983."  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989);

Pittman v. Kurtz, 165 F.Supp.2d 1243, 1247 (D.Kan. 2001) ("the jail is not an entity

which can be sued"); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993)

("Cook County Jail is not a 'person'").  Accordingly, because Plaintiffs have failed to

state a claim upon which relief can be granted pursuant to § 1983 as relates to the West Virginia Division of Corrections and Rehabilitation, this Court recommends that this matter be dismissed with prejudice as to that defendant.

As to the nineteen defendants all identified as "John Doe, Correctional Officer", Plaintiffs have failed to comply with the Federal Rules of Civil Procedure requirements. First, Plaintiffs have failed to provide the names of parties, as required by Federal Rule of Civil Procedure Rule 10(a), which requires that the "title of a complaint must name all the parties."  Second, Plaintiffs are required to provide, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55 (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Although Plaintiffs' complaint is both short and plain, it fails to name a single individual defendant who Plaintiffs claim violated their civil rights.

Further, although the body of the complaint lists no fewer than 23 correctional officers and employees of the Eastern Regional Jail, none of those correctional officers or employees are named as defendants.  The Court notes that in the body of the complaint, the following individuals are listed by name, and some are further described by a title other than "Correctional Officer":

(1)    Bean, ECF No. 1 at 3;

(2)    Kelly, Id.;

(3)    Warden Sheely, Id. at 4;

(4)    Nurse Lisa, Id. at 5;

(5)    Adrian Aguilera, Id. at 6;

(6)     Tomlinson, <u>Id.</u> at 9;

(7)     Robertson, <u>Id.</u>;

(8)     Morris, <u>Id.</u>;

(9)     Lewis, <u>Id.</u>;

(10)    Royer, <u>Id.</u>;

(11)    McMannis, <u>Id.</u>;

(12)    Creamer, <u>Id.</u>;

(13)    Santos, <u>Id.</u> at 11;

(14)    Wilcum, <u>Id.</u>;

(15)    Keller, <u>Id.</u>;

(16)    Zittmeyer, <u>Id.</u>;

(17)    Nurse Laurie Brown, <u>Id.</u> at 12;

(18)    Neal, <u>Id.</u> at 13;

(19)    Meachum, <u>Id.</u>;

(20)    Cornelly, <u>Id.</u>;

(21)    Nikademus, <u>Id.</u>;

(22)    Captain Tate, <u>Id.</u>; and

(23)    Canelli, <u>Id.</u> at 14.

Nonetheless, Plaintiffs did not name any of those individuals as Defendants in the complaint.  Instead, Plaintiffs assert in a footnote that, "Some of these individuals are known by their last name . . . . [h]owever, this information is not enough, absent cooperation and discovery from Defendant DOC, to identify them for the purpose of service."  ECF No. 1 at 3, n. 1.

Accordingly, because Plaintiffs have failed to state a claim upon which relief can be granted as to a named Defendant pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice as to the nineteen defendants identified as "John Doe, Correctional Officer".

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiffs' section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE as to the West Virginia Division of Corrections and Rehabilitation** for the failure to state a claim upon which relief may be granted.

The undersigned further **RECOMMENDS** that Plaintiffs' section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE** as to the remaining nineteen defendants, all identified as "John Doe, Correctional Officer".

It is also **RECOMMENDED** that the motion for leave to proceed without prepayment of fees [ECF No. 2] and the motion for joinder [ECF No. 3] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to counsel in accordance with the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        December 5, 2019


/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE