# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**MICHAEL GARRETT,**
**DAVID RICHARDSON,**
**MARK BLUE,**
**ROGER REID and**
**ABEWOLE OJO**,

       Plaintiffs,

**v.**                                **CIVIL ACTION NO.: 3:19-CV-185**
                                       **(GROH)**

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer,**
**JOHN DOE, correctional officer and**
**JOHN DOE, correctional officer,**

       Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Pending before the Court is the Report and Recommendation ("R&R") of United

States Magistrate Judge Robert W. Trumble.  ECF No. 5.  Pursuant to this Court's Local

Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on December 5, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiffs' Complaint [ECF No. 1] be dismissed with prejudice as to the West Virginia Division of Corrections and Rehabilitation and without prejudice as to the nineteen "John Doe, correctional officer" defendants.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiffs' claims. The Court incorporates those facts herein. However, the Court has outlined the most relevant facts below.

On October 31, 2019, the Plaintiffs, by counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Plaintiffs' allegations are all based on events that occurred at the Eastern Regional Jail. The event that gave rise to each Plaintiff's request for relief does not bear any relation to the other. The Plaintiffs assert the same grounds for relief, alleging the correctional officers, named as John Does, the Eastern Regional Jail and the West Virginia Division of Corrections violated their Eighth Amendment right against cruel and unusual punishment and their Fifth Amendment right to due process. The Plaintiffs further assert a claim for negligent training and oversight against the West Virginia Division of Corrections, a claim of battery against the unnamed correctional officers and a claim of intentional infliction of emotional distress against the unnamed correctional officers and the West Virginia Division of Corrections. Each of the Plaintiffs request an individual amount of compensatory damages, based on their claims, and they collectively seek punitive damages.

On December 10, 2019, after Magistrate Judge Trumble issued his R&R, the Plaintiffs, by counsel, filed an amended complaint. ECF No. 6. In the amended complaint, Hunter Jessup was added as a named Plaintiff. Jeff S. Sandy, Betsy Jividen and John Sheeley were added as named Defendants. Magistrate Judge Trumble's R&R was under consideration when the Plaintiffs filed an amended complaint, without seeking leave of Court. Therefore, the Court will not consider the Plaintiffs' amended complaint [ECF No. 6] and the amended complaint is **STRICKEN** from the Court's docket.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen days. The R&R was entered on December 5, 2019. ECF No. 5. The Plaintiffs, by counsel, filed objections on December 18, 2019. ECF No. 7. The Plaintiffs also filed a Motion for Leave to Amend. ECF No. 8. Having timely filed objections, this Court will review the Plaintiffs' objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

**III. DISCUSSION**

Magistrate Judge Trumble recommends dismissing the Plaintiffs' complaint with prejudice as to the West Virginia Division of Corrections and Rehabilitation because it is not a person under § 1983. Magistrate Judge Trumble further recommends dismissing the Plaintiffs' complaint without prejudice as to the nineteen defendants identified as "John Doe, correctional officer" because the Plaintiffs have failed to identify the correctional officers by name.

The Plaintiffs assert two objections to Magistrate Judge Trumble's R&R. In their first objection, the Plaintiffs argue that the cases cited by Magistrate Judge Trumble do not stand for the proposition that the West Virginia Division of Corrections and Rehabilitation is not a person under § 1983. However, as this Court and its sister courts have previously held, the West Virginia Division of Corrections and Rehabilitation is not a proper defendant because it is not a person subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983). Accordingly, the Plaintiffs' first objection to the R&R is **OVERRULED**.

In the Plaintiffs' second objection, they assert there is nothing preventing their use of fictitious parties until discovery can reveal their true identity. The Plaintiffs request, if the Court is unsatisfied with their use of fictitious names, the Court permit them to amend their complaint to provide names for the nineteen unnamed correctional officers. The Court does not find it appropriate to permit the Plaintiffs to proceed with their complaint solely against unnamed defendants. However, the Court **GRANTS** the Plaintiffs' motion

for leave to amend [ECF No. 8] and will provide the Plaintiffs an opportunity to amend their complaint to include the names of the nineteen unnamed correctional officers.

## IV. CONCLUSION

Upon careful review of the R&R and the Plaintiffs' objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is hereby, **ORDERED ADOPTED IN PART**. The Plaintiff's complaint [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** as to the West Virginia Division of Corrections and Rehabilitation. The Plaintiffs' motion for leave to amend [ECF No. 8] is hereby **GRANTED**. The Plaintiffs are **DIRECTED** to file their amended complaint, naming the correctional officers, by April 17, 2020. Failure to comply with this Court's Order will result in dismissal of this action.

This Court **ORDERS** this matter **RECOMMITTED** to Magistrate Judge Trumble for further consideration of the Plaintiffs' amended complaint, once it is filed on the docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** April 14, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE